MARVIN THOMAS MAXWELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Maxwell v. Commissioner
Docket No. 29371-83.
United States Tax Court
T.C. Memo 1984-566; 1984 Tax Ct. Memo LEXIS 106; 48 T.C.M. (CCH) 1466; T.C.M. (RIA) 84566; October 23, 1984. Marvin Thomas Maxwell, pro se. Eileen Kato Player, for the respondent. FAY MEMORANDUM OPINION FAY, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Addition
to Tax
Year
Deficiency
Sec.
Sec.
Sec. 6653
Sec. 6654
6651(a) [1]
6653(a) [2]
(a)(2)
1979
$7,998
$2,000
$400
$336
1980
7,357
1,754
368
442
1981
31,529
7,538
1,576
[3]
2,283
*107 Petitioner Marvin Thomas Maxwell resided in Soldotna, Alaska, when he filed the petition herein. Respondent's deficiency notice computation was based upon petitioner's receipt of wages from the following entities: 1979
1980
1981
Brinkerhoff Signal, Inc.
$ 6,855
$79,108
Peninsula Diesel Service
$26,491
18,835
Total Wages
$26,491
$25,690
$79,108
Petitioner did not have any Federal income tax withheld from his wages, having filed Forms W-4 claiming he was exempt therefrom. Moreover, petitioner did not pay any estimated tax, and did not file a Federal income tax return for any of the years in issue. This case is before the Court on respondent's motion for judgment on the pleadings pursuant to Rule 120, and for damages to be awarded to the United States under section 6673. Upon notice to the parties, a hearing on respondent's motion was scheduled at a trial session in Anchorage, Alaska, on June 20, 1984. When the case was called, petitioner failed to appear. The case was recalled on June 21, 1984, and petitioner again failed to appear. With respect to his motion for judgment on the pleadings, respondent has demonstrated *108 to our satisfaction that the pleadings herein do not raise a genuine issue of material fact respecting respondent's determinations for the income tax deficiencies and the additions to tax, but rather involve only issues of law. See ; . Therefore, for the reasons expressed below, respondent's motion for judgment on the pleadings under Rule 120 is granted. The petition filed by petitioner herein, stated in relevant part, as follows: I disagree with the deficiencies shown above and the penalties shown above. I derived no "Profit", "Gain" or "Income" from the promissory notes received by me as "source." In his Reply to the answer filed by respondent, petitioner stated: I have not knowingly asked for nor recieved [sic] any grant or priviledge [sic] that would make me liable for an indirect tax. Referring to his failure to file any income tax returns for the years in issue, petitioner concluded that he was "Not liable for an indirect tax * * * therefor [sic] not required to file." With respect to respondent's allegations concerning *109 his wage income, petitioner did not deny in fact receiving such amounts, but replied merely that "Internal Revenue Service assumes [such] amounts are income." Based upon the petition, reply, and a copy of a letter from petitioner addressed to respondent, annexed to respondent's answer, we understand petitioner's position to be that wages do not constitute income for purposes of the income tax laws, and that the imposition of the income tax is unconstitutional. It is clear that the petition and reply raise no justiciable facts respecting any of respondent's determinations. In our view petitioner is yet another in a seemingly unending parade of tax protesters bent upon glutting the docket of this Court with frivolous and groundless claims (all of which have been summarily rejected by this Court on innumerable occasions); such claims merit no further discussion here. See e.g., ;. Accordingly, with respect to the deficiencies and additions to tax herein we grant respondent's motion for judgment on the pleadings. The next issue for our decision is the disposition of respondent's *110 motion for the award of damages to the United States under section 6673. Section 6673 provides, as to cases commenced after December 31, 1982 or pending on November 15, 1984, [4] that the Court may award damages to the United States of up to $5,000 when the proceeding has been instituted or maintained by the taxpayer primarily for delay or if the taxpayer's position in such proceeding is frivolous or groundless. In the instant case, petitioner's conduct compels us to award damages under section 6673. As we have noted the only assignment of error in the petition was that petitioner disagreed with the asserted deficiencies and additions to tax. In support of his assignment of error, petitioner alleged that he "derived no 'Profit.' 'Gain' or 'Income' from the promissory notes received by [him] as source." In short, the petition in this case set forth no facts or justiciable assignment of error. Petitioner's reply to respondent's answer similarly was groundless. In his answer, respondent had advised petitioner of his intent to affirmatively seek damages under section 6673 on the basis that petitioner's position *111 was frivolous and without merit. Nevertheless, as late as May 25, 1984, and June 13, 1984, petitioner continued to file with the Court voluminous documents in which petitioner made various declarations and presented groundlessand frivolous tax protester arguments which do not warrant any discussion. See ;
We find petitioner's conduct in this case to have bordered on the outrageous, if not contemptuous, calculated to demonstrate petitioner's disrespect and disdain for this Court and the judicial process. Petitioner failed to meet with respondent's counsel to prepare a stipulation of facts as required by Rule 91(a), despite a letter from the Court dated May 30, 1984, advising him to do so. Petitioner was informed by the Court that his case would be heard on June 20, 1984; yet when the case was called, petitioner failed to appear. Moreover, respondent's counsel caused to be served upon petitioner a subpoena duces tecum of this Court, requiring him to appear at the aforementioned hearing, with his books and records and other documents. Petitioner mailed back this document, *112 having written across it the phrase "Jurisdiction Denied", accompanied by various "affidavits" containing nothing more than boilerplate tax-protester arguments.It would shock the conscience if petitioner, who earned an annual salary of up to nearly $80,000 and paid no tax whatsoever for three consecutive years, were permitted to thus flout the jurisdiction of this Court with impunity. We would be remiss in our duties indeed if we failed to award damages to the United States in so egregious a case as this. Frivolous actions such as that brought by petitioner herein hinder and delay this Courtin fulfilling its proper function of providing a forum for taxpayers who have legitimate disputes with respondent's determination of their tax liability. When the costs incurred by this Court and by respondent are taken into consideration, it is clear that the damages sustained by the United States in this case are in excess of the maximum damages authorized by statute. Accordingly, in view of the waste of limited judicial and administrative resources caused by petitioner's action, we hereby award damages to the United States pursuant to section 6673 in the amount of $5,000. An *113 appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. This section has been redesignated as sec. 6653(a)(1) for taxes the last date prescribed for payment of which is after December 31, 1981. ↩
3. Section 6653(a)(2) is effective for taxes the last date prescribed for payment of which is after December 31, 1981. The amount of the addition to tax under this section is equal to 50 percent of the interest payable (A) with respect to the portion of the underpayment of tax which is attributable to negligence or intentional disregard of rules and regulations; and (B) for the period beginning on the last date prescribed by law for payment of such underpayment, and ending on the date of assessment of the tax (or if earlier, the date of the payment of the tax). Since neither assessment nor payment of the tax has occurred in this case, the period described in sec. 6653(a)(2)(B) has not yet closed, and therefore, the amount of the addition to tax under sec. 6653(a)(2) cannot be determined at this time. However, based upon the facts of this case, as discussed herein, for purposes of sec. 6653(a)(2)(A) we conclude that all of petitioner's underpayment for 1981 was attributable to negligence or intentional disregard of rules and regulations.↩
4. Petitioner filed his petition on October 14, 1983.↩